from its first place on the calendar to a particular day, is precisely the same as if, by a special order, it had been originally noticed for that day.

The clerk will therefore be directed to allow the term fees which he declined to tax.

---

## LIVINGSTON a. THE VIELLE MONTAGNE ZINC MINING COMPANY.

*New York Superior Court; At Chambers, November,* 1855.

### TAXATION OF COSTS.—TERM FEES.

There can be no right to term fees, until the cause is actually at issue.

Appeal to the justice at chambers from the adjustment of the costs by the clerk.

A copy of the complaint in this action was served on the defendants' attorneys, February 7, 1855. The plaintiffs' attorneys extended the time for the defendants to answer from time to time to the 30th day of May, (upon which day the answer was served), upon stipulations fixing the date of the issue, and allowing the cause to be put on the calendar. The cause was on the calendar for April, May, and June. The defendants prevailed. The clerk allowed the defendants the term fees for April and May. From this the plaintiffs appealed.

*N. P. Rogers,* for plaintiffs.

*Wm. Henry Forman,* for defendants.

DUER, J., (*orally*).—The defendants cannot be allowed the term fees for April and May, since had the cause been reached at either of those terms it could not have been tried. The stipulation fixing the date of issue only availed to give the cause a preference on the calendar, if when reached it was in a state to be tried, but did not give either party any right to fees for a term at which no trial could be had. Even if the plaintiffs had prevailed, they would not have been entitled to

term fees for April and May. A party has no right to term fees until a cause is actually at issue, whether the date of the issue be fixed by stipulation, and the cause be placed on the calendar, or not.